WILSON M. DARLINGTON *et al.*

*v.*

THOMAS W. CHAMBERLIN.

*Filed at Ottawa May 12, 1887.*

1. APPEAL—*affirmance in the Appellate Court, as a finding of facts—conclusiveness.* A judgment of affirmance by the Appellate Court must be taken as a finding of all such facts as are necessary to sustain the judgment of the trial court, and such finding must be accepted as true.

2. COMMISSION MERCHANT—*diverting funds to account of an agent.* A bought live stock with money furnished by B, under an agreement they were to belong to B. A shipped the same in his own name, for the reason he could get better shipping rates, to C, a commission merchant in Chicago, for sale, and directed C to place the proceeds in a certain bank for B, as had been often done before. But C applied the proceeds upon notes held by him on A, claiming a factor's lien: *Held,* that, under the facts, C became liable in an action to B for the amount of the proceeds of the stock.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. MASON B. LOOMIS, for the appellants.

Messrs. C. H. & C. B. WOOD, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This case is brought here by appeal from the Appellate Court for the First District.

The facts which the evidence tends to establish, are briefly these: On the 1st day of July, 1885, Holderman Bros., dealers in live stock, shipped from Rantoul, Illinois, to the appellants, commission merchants and live stock brokers at Chicago, three car-loads of cattle and one of hogs, one of the shippers going along with the stock. The stock had been purchased with money belonging to appellee, Thomas W. Chamberlin, a banker at Rantoul. On its arrival at Chicago, John Hold-

erman, who accompanied the stock, informed appellants that it had been purchased with Chamberlin's money, and directed them to place the proceeds of the stock to his credit, in the Commercial Bank of Chicago. Such had been the usual course in other similar transactions. The appellants, instead of placing the proceeds in bank, to the credit of appellee, as directed, applied them to an old claim they had against Holderman Bros. for advances made to them, and evidenced by their notes to appellants. The stock, as between the Holdermans and appellee, really belonged to the latter, though it had been shipped in their name without consulting appellee, because, as testified to by them, they could get better railroad rates by shipping in their own name. In previous transactions of the same kind, of which many had occurred, appellants had uniformly placed the proceeds of shipments, when directed, to appellee's credit. In addition to this, the evidence tends to show there was an express understanding between all the parties that the proceeds of all stock purchased with moneys advanced by appellee, should be deposited in bank, to his credit, or be otherwise disposed of, as he might direct. This, however, is denied by appellants, and there is also a sharp conflict in the testimony upon other material matters above mentioned, and which the evidence on the part of appellee tends to establish.

The proceeds of the stock, less commissions, amounted to $3330.11, for which appellee obtained a judgment in the Superior Court of Cook county. The contention of appellants is, that under the circumstances disclosed by the testimony they had a factor's lien on the proceeds of the stock for the balance due them from the Holderman Bros., and that they were, therefore, under no obligations to pay them over to appellee. The conclusive answer to this contention, however, is, that it is necessarily based upon appellants' theory of the facts, whereas, by reason of the judgment of affirmance by the Appellate Court, this court must accept as absolutely true

the very opposite theory of the facts, for that sustains the judgment of affirmance, and the other does not.

Conceding, then, as we must, the facts to be as testified to by appellee's witnesses, the claim that appellants had a factor's lien upon the proceeds of the stock is wholly inadmissible, and it would therefore be a useless consumption of time and labor to enter upon a discussion of the general principles of law relating to such a lien.

Under the facts, as we view them, we perceive no error in the rulings of the trial court, which, in our opinion, requires a reversal of the judgment of the Appellate Court. It will therefore be affirmed.

*Judgment affirmed.*